| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------- x<br>MAGDIEL LOPEZ,<br><br>　　　　　　　　Plaintiff,<br><br>　- against -<br><br>M&G TAPAS REST. CORP d/b/a EL<br>PORRÓN, GONZALO BERMEO, and<br>MARIO BERMEO,<br><br>　　　　　　　　Defendants.<br>------------------------------------------------------- x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: March 18, 2013<br><br><br>12 Civ. 2203 (PAC)<br><br>OPINION AND ORDER |

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 26, 2012, Plaintiff Magdiel Lopez ("Lopez") alleges in his complaint that defendants M & G Tapas Restaurant Corporation ("M&G"), Gonzalo Bermeo, and Mario Bermeo (collectively, the "Bermeos") violated of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Defendants answered and counterclaimed for fraud, breach of contract, and violations of the NYSHRL and NYCHRL on June 1, 2012. Lopez moved to dismiss Defendants' counterclaims, and Defendants cross-moved to dismiss counts 7-10 of the Complaint. For the reasons set forth below, Plaintiff's motion is granted and Defendants' motion is denied.

## BACKGROUND[1]

M&G, owned by the Bermeos, owns and operates El Porrón (the "Restaurant"), a Spanish restaurant located in Manhattan. Lopez worked at the Restaurant for approximately 55 hours per

---

[1] For purposes of Lopez's motion, all facts are drawn from the Complaint, except where otherwise noted, and are assumed to be true for the purpose of this Order. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). For purposes of Defendants' cross-motion, all facts stated in the counterclaim pleading are accepted as true. Paramount Pictures Corp. v. Puzo, No. No. 12 Civ. 1268, 2012 WL 4465574, at *1 (S.D.N.Y. Sept. 26, 2012).

1

week, including at least two days per week in which he worked more than ten hours, for a weekly salary of $70 and did not receive any overtime pay. When he was hired, he was not notified of how his pay would be calculated, when he would be paid, or the legal name(s) or contact information of his employer. Lopez was paid in cash, without any accompanying paperwork. Nor did M&G keep accurate records of the hours worked by its employees.

Lopez, a homosexual, was referred to as a "fag" ("*marica*") and "faggot" ("*maricon*") by his co-workers, who told him that they did not want "whores" ("*putos*") or "fags" in the Restaurant. They also told him that he was "sick in the head" because of his sexual orientation and that he "smelled like a faggot." Though he asked that they stop, their comments continued, including, on several occasions, in front of the Bermeos. Additionally, Lopez was physically assaulted by his co-workers, including being kicked, pushed, slapped, and having food thrown at him. The Bermeos did nothing to prevent this behavior, despite their awareness of it. Eventually, Lopez quit his job as a result.

Defendants assert that despite numerous requests, Lopez failed to provide them with valid identification and tax documents. Instead, Lopez told Defendants that he had such documents, a false representation that they relied on to their detriment. Further, they claim that Lopez failed to perform his duties at the Restaurant and was often absent. Finally, they assert that Lopez "sexually harass[ed] other employees," without specifying how he did so. (Ans. & Counterclaim at ¶12.)

## DISCUSSION

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Erickson, 551 U.S. at 93-94. Legal conclusions included in the complaint are

nevertheless not entitled to the assumption of truth. While they "can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Though the complaint need not make "'detailed factual allegations,'" it must contain more than mere "'labels and conclusions'" or "'formulaic recitation[s] of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Court's role is to "'assess the legal feasibility of the complaint, not . . . assay the weight of the evidence which might be offered in support thereof.'" GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004)). But where a complaint's factual allegations permit the court to infer only possibility, instead of plausibility, the complaint is insufficient. Id. at 679. Parties may not address these deficiencies by alleging new facts for the first time in their moving papers because such "facts and allegations . . . may not be considered in deciding a motion to dismiss." Universal Trading & Inv. Co., Inc. v. Tymoshenko, No. 11 Civ. 7877, 2012 WL 6186471, at *1 (S.D.N.Y. Dec. 12, 2012) (internal quotations omitted). The same standards apply in favor of the non-movant in a motion to dismiss counterclaims. See Levine v. Landy, 860 F. Supp. 2d 184, 190 (N.D.N.Y. 2012).

**I.  Plaintiff's Hostile Work Environment and Constructive Discharge Claims**

Lopez's seventh and eighth causes of action allege a hostile work environment in violation of the NYSHRL and NYCHRL, respectively, while his ninth and tenth causes of action allege that he was constructively discharged as a result of his sexual orientation under the same statutes. Defendants seek to dismiss these causes of action on the grounds that Lopez has alleged

that his co-workers engaged in discriminatory conduct, but has only summarily stated that the Defendants "fostered" and "condoned" such conduct without specifying how they did so. Though Lopez does not assert that the Defendants actively participated in the harassment to which he was subjected, he alleged that "[o]n several occasions, [he] was harassed in front of Gonzalo Bermeo and Mario Bermeo." (Compl. at ¶ 18.) Where an employee alleges that they were harassed by non-supervisory co-workers, the employer's liability "depends on the plaintiff showing that the employer knew (or should have known) about the harassment but failed to take appropriate remedial action." Petrosino v. Bell Atl., 385 F.3d 210, 225 (2d Cir. 2004). Accordingly, the Bermeo's alleged knowledge of the harassment is sufficient to impose liability. Defendants' motion to dismiss the seventh, eighth, ninth and tenth causes of action is denied.

## II.   Defendants' Counterclaims

### a.   Fraud

Defendants' first counterclaim, in relevant part, consists of the following allegations:

> During Plaintiff's employment, Defendants had requested Plaintiff to provided [sic] identification documentation and tax identification. Plaintiff advised Defendants that he had valid identification and tax identification, but never provided it to Defendants despite numerous requests. Defendants relied upon Plaintiff's false and fraudulent representations to their detriment. As a direct and proximate result of Plaintiff's fraud, Defendants/Counterclaimants have been damaged.

(Ans. & Counterclaim at ¶¶ 2-4.)

No further explanation is provided as to how this satisfies the elements of a claim for fraud, including, *inter alia*, how Defendants relied on Lopez's statements; how they were injured by doing so; or why their reliance was justifiable, despite his failure to produce the requested documentation. See Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 178 (2011) ("Generally, in a claim for fraudulent misrepresentation, a plaintiff must allege a 'misrepresentation or a material omission of fact which was false and known to be false by

defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" (quoting <u>Lama Holding Co. v. Smith Barney</u>, 88 N.Y.2d 413, 421 (1996)).  Defendants have failed to state a claim for which relief may be granted, and certainly have not satisfied the heightened pleading standard of stating fraud claims "with particularity."  Fed. R. Civ. P. 9(b).  Lopez's motion is granted and Defendants' first counterclaim is dismissed.

    b. <u>Breach of Contract</u>

Defendants' second counterclaim alleges that they were damaged by Lopez's continual failure "to perform his duties and show up for work, in violation of his agreement to accept employment with Defendants."  (Ans. & Counterclaim at ¶ 8.)  It is well-settled that, under New York law, "[t]ermination is the only remedy available for an employer for malfeasance in job performance or breach of employment contract."  <u>Farricker v. Pension Dev. Inc.</u>, No.07 Civ. 11191, 2010 WL 845983, at *3 (S.D.N.Y. March 4, 2010).  Defendants' attempt to distinguish <u>Farricker</u> and similar cases by arguing that they apply only to instances of an employee's *poor* performance, whereas Defendants allege *non*-performance by Lopez.  The proposed distinction is nonsense.  See <u>Nowicki v. Toll Bros., Inc.</u>, No. 10 Civ. 4877, 2012 WL 14258, at *2 (E.D.N.Y. Jan. 4, 2012) (rejecting distinction between claims "seek[ing] to recover for financial damage that was caused by [employee's] negligence or poor performance" and "seek[ing] to recover wages [employee] received for portions of the day that he did not perform his job duties at all."). The Court therefore grants Lopez's motion and Defendant's second counterclaim is dismissed.

    c. <u>Sexual Harassment</u>

Defendants' third counterclaim alleges that Lopez "engaged in improper and unlawful

conduct, including, but not limited to, sexually harassing other employees in the restaurant," in violation of the NYSHRL and NYCHRL. (Ans. & Counterclaim at ¶ 12.) No further detail is provided in their counterclaim. In their opposition brief, however, Defendants state that the Bermeos, Lopez's employers, were among those harassed, and that the other employees do not have the means to assert their rights individually, though no explanation is asserted as to why they cannot do so. These claims are not mentioned in the counterclaims and will not be considered by the Court. See Universal Trading & Inv. Co., 2012 WL 6186471, at *1. The counterclaim itself does not explain what the "improper and unlawful conduct" consisted of, stating only that it "includ[ed] but [was] not limited to" sexual harassment; vaguely identifies the victims of Lopez's conduct as "other employees" without specifying which of the Restaurants employees were involved; and fails to mention when the improper conduct took place. Indeed, the only specific detail provided about the conduct was that it was engaged in by Lopez. The counterclaim fails to set forth even a "formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, and therefore cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Accordingly, the third counterclaim is dismissed.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion is GRANTED and Defendants' counterclaims are dismissed. Defendants' cross-motion to dismiss counts 7-10 counterclaims is DENIED. The Clerk of Court is directed to terminate the motion and cross-motion at docket numbers 12 and 17.

Dated: New York, New York
       March 18 2013

SO ORDERED

/s/ Paul A. Crotty
PAUL A. CROTTY
United States District Judge

6